## In re LYONS.
No. M. 134.

District Court, E. D. New York.
March 4, 1940.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., of counsel), for plaintiff.

Selig Kaplan, of Brooklyn, N. Y., for respondent.

MOSCOWITZ, District Judge.

This proceeding is brought to punish Christopher J. Lyons for contempt for failure to obey an order of this court directing him to give testimony to a Special Agent of the Intelligence Unit of the Treasury Department. In connection with the income tax liability of one Jess S. Albroza for the year 1938, it became necessary to take the testimony of Lyons by reason of the fact that Albroza claimed certain income which the government sought to charge to Albroza was in fact income of Lyons.

In accordance with Section 3614 of 26 U.S.C.A. the Internal Revenue Code, the Special Agent served a summons upon Lyons to testify. Lyons appeared but insisted on the presence of his tax consultant and accountant, as well as his attorney. The Special Agent, while willing to proceed with the attorney present, refused to permit the others to be present. As a result, no testimony was taken.

Thereafter, an order of this court was obtained directing Lyons to give testimony before the Special Agent in the matter of the tax liability of Jess S. Albroza. Upon the return day of this examination, there was a repetition of the events occurring at the prior examination. The tax consultant and the accountant were apparently interested in the fraud end of Albroza's case and the Special Agent opposed their presence in that it would impede the investigation and not add anything to the protection of Lyon's constitutional rights.

In view of the willingness of the Special Agent to have Lyon's attorney present, it is not necessary to determine whether Lyons had an absolute right to have counsel in connection with an investigatory examination of this type. The transactions involved were relatively simple, involving merely the ownership and division of the proceeds of a winning sweepstake ticket. There is nothing to show that the presence of an attorney alone was insufficient to protect the rights of Lyons and that an accountant and tax consultant were necessary to assist the attorney in the protection of Lyons' rights. The position of the Special Agent in excluding all but Lyons and his attorney was reasonable. An investigation was being conducted, not a public forum.

Motion to punish for contempt will be granted. In view of the fact that this is in the nature of a test case, respondent will be permitted to purge himself of the contempt if he submits to a full and fair examination.